### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Christopher George Pable, *Plaintiff,* v. Chicago Transit Authority and Clever Devices Ltd.; *Defendants.* | No. 1:19-cv-07868 Hon. Elaine E. Bucklo |

### CHICAGO TRANSIT AUTHORITY'S
### ADDITIONAL AFFIRMATIVE DEFENSES

NOW COMES the Chicago Transit Authority (the "CTA"), by and through its counsel, Taft Stettinius & Hollister LLP, and for its additional affirmative defenses to the Complaint of Plaintiff, Christopher George Pable ("Plaintiff") alleges:

### Seventh Affirmative Defense:
### Unclean Hands/*In Pari Delicto*

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands/*in pari delicto* due to Plaintiff's own misconduct during the course of his employment with the CTA. In support of this affirmative defense, the CTA states that the following representative acts and omissions of Plaintiff violated both CTA rules, policies, and procedures governing CTA employees and/or Illinois law: (i) Plaintiff's encryption of the primary drive and installation and encryption of a secondary drive on CTA's computer without CTA's knowledge or authorization such that the CTA was unable to access the contents of the secondary drive without retaining the services of a third-party expert; (ii) Plaintiff's failure to timely report the discovery of the Skeleton

1

Key to the appropriate CTA personnel; (iii) Plaintiff's deliberate preparation for and unauthorized use of the Skeleton Key on Dayton RTA's BusTime system; and (iv) Plaintiff's felonious violation of the Illinois Eavesdropping Act, 720 ILCS 5/14, *et seq.*, wherein Plaintiff unlawfully recorded the November 8, 2018 meeting by and between Plaintiff and two (2) other CTA personnel during which Plaintiff resigned in lieu of termination.

## Eighth Affirmative Defense:
## After-Acquired Evidence

To the extent the CTA is found liable, any recovery to Plaintiff must be limited by the doctrine of after-acquired evidence. In support of this affirmative defense, the CTA states that certain evidence acquired by the CTA during its investigation into Plaintiff's conduct relating to Plaintiff's discovery and unauthorized use of the Skeleton Key would have resulted in the same personnel action against Plaintiff. Specifically, the CTA states that the following representative after-acquired evidence would have resulted in the same personnel action against Plaintiff: (i) that Plaintiff violated CTA rules, policies, and procedures when Plaintiff encrypted the primary drive and installed and encrypted a secondary drive on his CTA computer without the CTA's knowledge or authorization such that the CTA was unable to access the contents of the secondary drive without retaining the services of a third-party expert; (ii) that Plaintiff utilized the CTA computer to engage in certain activities that violated CTA rules, policies, and procedures without CTA's knowledge or consent; and (iii) that Plaintiff violated both CTA rules, policies, and procedures governing CTA employees and Illinois law when Plaintiff unlawfully recorded the November 8, 2018 meeting by and between Plaintiff and two other CTA personnel, which constitutes a felony pursuant to the Illinois Eavesdropping Act, 720 ILCS 5/14, *et seq.*

Dated: August 3, 2020                               Respectfully submitted,

                                                    CHICAGO TRANSIT AUTHORITY

                                                    By: *s/ Elizabeth E. Babbitt*
                                                            One of Its Attorneys

John F. Kennedy
jkennedy@taftlaw.com
Elizabeth E. Babbitt
ebabbitt@taftlaw.com
Allison E. Czerniak
aczerniak@taftlaw.com
Nicollette L. Khuans
nkhuans@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, Illinois 60601
(312) 527-4000
Attorney No. 29143