IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE PABLE, ) | |
| ) | |
| Plaintiff, ) | No. 19 C 7868 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CHICAGO TRANSIT AUTHORITY and, ) | |
| CLEVER DEVICES, LTD. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Pable brought a one-count complaint against defendants Chicago Transit Authority ("CTA") and Clever Devices, Ltd. ("Clever Devices"), alleging that defendants violated the Public Transportation Employee Protections provision of the National Transit Systems Security Act ("NTSSA"), 6 U.S.C. § 1142(b). The § 1142 retaliation suit resulted in voluminous discovery practice and motions filed by both parties.

On August 7, 2024, the court adopted Magistrate Judge Heather McShain's two Reports and Recommendations ("R&Rs'"), which found Pable and his attorney, Christopher Duffy, "repeatedly lied" and spoliated electronic phone evidence in the case. Judge McShain recommended that the court: grant CTA's motion to dismiss plaintiff's complaint with prejudice as a sanction for his intentional spoilation of evidence; order plaintiff and Duffy to pay $75,175.42 between them in fees and costs as a sanction; and order Duffy to pay an additional $53,388 sanction, as well as $21,367 in fees and costs related to CTA's motion to compel.

CTA and Clever have now petitioned for recovery of additional fees and costs totaling

1

$63,266.67 that they say were incurred responding to plaintiff's objections to Judge McShain's first and second R&R.

For the reasons stated below, the court denies CTA and Clever's petitions for additional attorneys' fees and awards their requests for costs in part.

## BACKGROUND

The facts underlying plaintiff's retaliation suit are set forth in the court's August 7, 2024, order and need not be repeated here. After the court dismissed plaintiff's complaint with prejudice, terminating the case, defendants petitioned for additional attorneys' fees and costs incurred in successfully opposing Rule 72 objections. CTA now seeks $25,104.50 in attorneys' fees to be paid by Pable and Duffy, jointly and severally. Clever seeks $12,788 in attorneys' fees to be paid by Pable and Duffy, jointly and severally. CTA also seeks $12,104.72 in costs for service of subpoenas, transcript costs, printing and copying costs, and Clever seeks $13,269.45 for deposition transcript costs and exhibit fee costs.

Plaintiff requests that the court deny CTA and Clever's requests for attorneys' fees. He requests that CTA's recoverable costs be limited to $8,651.76, and Clever's to $3,351.90. He does not object to the $365 CTA requests for subpoena service fees or the $89.26 it requests in printing costs, but objects to the $10,267.50 it requests for transcript costs, and the $1,382.96 it requests for copying costs. Plaintiff further contends that CTA's transcript costs should be reduced by $2,070 to eliminate its charges for "exhibit share fees." He argues that the $1,382.96 in copying costs were not incurred by CTA. Plaintiff requests that Clever's transcript costs be reduced to $2,985.30, and deposition exhibit costs reduced to $366.60.

2

## DISCUSSION

**A. Fees**

28 U.S.C. § 1927 states that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In appropriate cases, "courts may award a prevailing party fees incurred in responding to objections to a magistrate's order under Rule 72." Davis v. Indiana Packers Corp., No. 4:21-CV-024-PPS, 2022 WL 17495870, at *1 (N.D. Ind. Dec. 7, 2022). The court also has discretion to award attorneys' fees for a party's defense of a previous attorney fee award. Rickels v. City of S. Bend, Ind., 33 F.3d 785, 787 (7th Cir. 1994).

**1. Attorneys' fees based on sanctions awarded**

Defendants first ask for the attorneys' fees they incurred responding to plaintiff's unsuccessful objections to Magistrate McShain's: recommendations to dismiss the case as a sanction under Federal Rule of Civil Procedure 37(e) for intentional spoilation of evidence; the recommendation to award CTA $75,175.42 fees and costs under 37(e) as a further sanction; and the recommendation to impose $53,388 sanctions on Duffy under 28 U.S.C. § 1927 to be paid to CTA. They argue they incurred necessary and reasonable expenses in drafting these responses, with CTA seeking $25,104.50 in additional attorneys' fees and Clever seeking $12,788, both to be paid by Pable and Duffy, jointly and severally.

CTA and Clever have cited no case law justifying the necessity of awarding of additional fees for responding to objections arising from an award of sanctions. Instead, they focus their

3

argument on the standard industry hourly rates demonstrating that their attorney's fees are reasonable. This puts the cart before the horse, because they first must establish why these fees should be awarded.

Regarding the necessity of attorneys' fees for objections to sanctions provisions such as Rule 37(e) and 28 U.S.C. § 1927, the principle commonly known as the "American Rule" applies. This rule provides that "each litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 253. Here, since no statute or contract provides otherwise, CTA and Clever are subject to the American Rule. The Advisory Committee Notes to Rule 37(e) recognizes the discretion district courts have in fashioning an appropriate sanction that is "no greater than necessary to cure the prejudice" for misconduct that falls under Rule 37(e).

The court has already awarded significant monetary sanctions that it described as "warranted given the financial prejudice" that CTA and Clever suffered in uncovering the spoilation of the evidence and disproving plaintiff and his attorney's repeated misrepresentations. This included $75,175.42 split equally between Pable and Duffy for fees and costs associated with unnecessary deposition questioning due to evidence spoilation, and an additional $53,388 to be paid by Duffy for making a series of misrepresentations to the court and failing to correct the record. In this case, imposing additional sanctions upon already imposed sanctions is unnecessary.

### 2. Attorneys' fees for responding to objections to the fee-shifting award

Defendants also petition for recovery of additional attorneys' fees for responding to objections to the Rule 37(a)(5) fee-shifting award. Under Rule 37(a)(5), "the court must, after

4

giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). A court, however, may not award fees "if the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Id.

The rationale of fee-shifting rules is that "the victor should be made whole—should be as well off as if the opponent respected his legal rights in the first place." Rickels, 33 F.3d at 787. The court upheld Judge McShain's recommendation to award $21,367 in fees and costs to be paid to the CTA by Duffy for preparing for and holding "meet and confer" conferences that were a result of plaintiff's failure to produce relevant discovery. This included a total of 63.1 attorney hours at $295/hour, for a total of $18,762 for attorney's fees; 0.4 hours of paralegal time at $100/hour, for a total of $40 in paralegal costs; and $2,565 in costs incurred by CTA's e-discovery vendor.

In this case, the victor has already been made whole. The court agrees with Judge McShain that any award of fees on fees would be "greater than necessary to cure the prejudice" inflicted on CTA and Clever and, in the exercise of its discretion, declines to award additional attorneys' fees.

**B. Costs**

Defendants have submitted itemized bills totaling $12,104.72 in costs for CTA and $13,269.45 for Clever. Broken down, CTA seeks $365 for clerk and marshal fees; $394.20 for pretrial hearing transcripts; $9,873.30 in deposition transcript costs; $89.26 in printing fees; and

5

$1,382.96 in copying costs. Clever seeks $12,107.05 for deposition transcript costs and $1,162.40 for deposition exhibit fee costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." A statute enumerates the costs that are recoverable under Rule 54(d)(1). See 28 U.S.C. § 1920. Recoverable costs include fees of the clerk and marshal, fees for transcripts necessarily obtained for use in the case, witness fees and expenses, fees for copies of papers necessarily obtained for use in the case, docket fees, and compensation for court-appointed experts and interpreters. Id.

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." Little v. Mitsubishi Motors N. Am., 514 F.3d 699, 702 (7th Cir. 2008). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." Rivera v. City of Chicago, 469 F.3d 631, 634 (7th Cir. 2006).

**1. Exhibit Share Fees**

Plaintiff argues that the CTA should not be awarded the $2,070 it seeks to recover in "exhibit share" fees. The exhibit share fees, plaintiff says, "were charges incurred for the convenience of counsel, and therefore not properly taxed to the prevailing party." Citing Olesky v. General Electric Company, 2016 WL 7217725, at *7 (N.D. Ill. Dec. 12, 2016), plaintiff argues that "costs of additional services, beyond the regular transcription service, are not recoverable when incurred solely for the convenience of counsel." CTA notes that the $2,070 in exhibit share fees were incurred for use of the exhibit share platform across six remote depositions noticed by CTA during the COVID-19 pandemic, allowing parties to electronically mark and

share exhibits with witnesses and counsel during Zoom depositions. While CTA acknowledges that 28 U.S.C. § 1920 does not specifically address exhibit share fees, it notes that courts "have nonetheless found that certain deposition exhibit fees are recoverable under 54(d)." The exhibit share platform, CTA argues, prevented the cumbersome task of copying and distributing exhibits to multiple parties during the pandemic, and to "facilitate an environment that more closely resembled an in-person deposition."

The 7th Circuit has not directly addressed the issue of exhibit share fees specific to the COVID-19 pandemic. Nevertheless, other courts have found that these costs are taxable if they promoted "the efficient and effective presentation of evidence." Am. Tech. Ceramics Corp. v. Presidio Components, Inc., 490 F. Supp. 3d 593, 643 (E.D.N.Y. 2020) (citing DiBella v. Hopkins, 407 F. Supp. 2d 537, 539 (S.D.N.Y. 2005)). Still, the costs of additional services, beyond the regular transcription services, "are not recoverable when incurred solely for the convenience of counsel." Oleksy, 2016 WL 7217725. at *7 (citing DSM Desotech, Inc. v. 3D Sys. Corp., No. 08 CV 1531, 2013 WL 3168730, at *3 (N.D. Ill. June 20, 2013)).

The COVID-19 pandemic prompted numerous adjustments in courtrooms across the country. Yet, marking and sharing exhibits in real time is not a transcript cost allowed under the statute and Local Rule 54.1, and they were not vital to conducting remote depositions. The court finds these costs unnecessary and reduces CTA's requested transcript costs by $2,070 for a total of $8,197.50.

**2. Digital Processing Fees**

In terms of copying costs, plaintiff argues that CTA did not incur $1,382.96 in costs for making copies. He suggests the costs were derived from the digital processing of documents for

7

e-filing purposes and does not constitute making copies. This includes both making them readable through "optical character recognition" ("OCR") and converting them into TIFF image format. Citing 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained in this case"), CTA suggests that the costs of the OCR process and TIFF image conversion are in fact recoverable.

Courts in this circuit have followed the Third Circuit's reasoning in Race Tires of America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 160 (3d Cir. 2012), which concluded that "only scanning and file format conversion can be considered to be 'making copies.'" See Intercontinental Great Brands LLC v. Kellogg N. Am. Co., 2016 WL 316865, at *6 (N.D. Ill. Jan. 26, 2016).

While converting files to TIFF format to make a document readable is the equivalent of "making copies" under § 1920(4), in making that document searchable, the OCR process has not been deemed to be a "necessary part of 'making copies.'" Life Plans, Inc. v. Sec. Life of Denver Ins. Co., 52 F. Supp. 3d 893, 903 (N.D. Ill. 2014)

As a result, CTA's copying costs are reduced to $921.97 for TIFF conversion.

**3. Copies of Transcripts**

Plaintiff also argues that Clever's recoverable costs should be reduced from $12,107.05 to $3,351.90, with the per-page rate for transcripts changed from the $3.65 page cost per page allowed under Local Rule 54.1 for the original of a transcript to the $0.90 per page rate for copies. Plaintiff argues that Clever's transcript calculations should be made using the same rates as CTA, which seeks $3.65 per page only for the depositions it noticed and $0.90 per page from depositions that the other parties noticed.

The court in Doe v. Loyola Univ. Chicago, 2023 WL 3074676 at *4 (N.D. Ill. Apr. 25, 2023) held that "an 'original' means the first copy ordered by each side, not the first copy ordered by any party …For purposes of Local Rule 54.1(b), each side orders an original (and pays the court reporter for it). If that party wants a second copy, that's a copy." As plaintiff notes, Clever did not give official notice to conduct any depositions but ordered and paid only for copies of the transcripts. It is both unreasonable and unnecessary for Clever to count copies of transcripts as anything but. Clever's costs should therefore be reduced to $3,351.90.

### 4. Deposition Costs

Plaintiff also argues that Clever is not entitled to the $1,162.49 it seeks in exhibit costs, but instead only $366.60, as most of the costs "billed and paid were charged by the reporting service for 'Exhibit Management.'" Clever describes these costs as having been incurred for the "copying and management of deposition exhibits by the court reporter, especially in light of the fact that all depositions were taken via video teleconferencing during the COVID-19 pandemic period."

Costs "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be recovered by a prevailing party. 28 § U.S.C. 1920(4). Courts find the recovery of costs of deposition exhibits reasonable when they aid in understanding an issue in the case. Nilssen v. Osram Sylvania, Inc., 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007). Additionally, "exhibits are often authenticated during a deposition, and it may be necessary for attorneys to use the marked exhibit in order to benefit from that authentication." Hillmann v. City of Chicago, 2017 WL 3521098, at *3 (N.D. Ill. 2017) (citing In re Dairy Farmers of Am., Inc., 80 F. Supp. 3d 838, 856 (N.D. Ill. 2015)).

Since all depositions were taken remotely during the COVID-19 pandemic, reimbursing Clever for costs incurred copying and managing deposition exhibits is necessary and reasonable. Clever is entitled to recover $1,162.40 in exhibit costs.

## CONCLUSION

For the reasons stated above, CTA and Clever's petition for attorneys' fees and costs (Docs. 201, 202, 205, 209, 210) is granted in part and denied in part. CTA and Clever's petitions for additional attorneys' fees (Docs. 209, 210) is denied. CTA is entitled to costs in the amount of $9,579.73 ($365 for service of subpoenas +$89.26 in printing costs +$8,197.50 for transcript costs +$921.97 for copying costs). Clever is entitled to $4,147.70 ($2,985.30 in transcript costs + $1,162.40 in deposition exhibit fee costs). So ordered.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE:   December 17, 2024**